UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES E. BETHEA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES PAROLE<br>COMMISSION, *et al.*,<br><br>    Respondents. | Civil Action No.  10-1295 (JDB) |

**MEMORANDUM OPINION**

     This matter is before the Court on James Bethea's petition for a writ of habeas corpus, the government's response to the Court's order to show cause and petitioner's reply.  For the reasons discussed below, the petition will be denied.

I.  BACKGROUND

Petitioner's Allegations

     Petitioner, a District of Columbia Code offender, alleges that the Federal Bureau of Prisons ("BOP") has calculated his sentence incorrectly.  According to petitioner, the sentences imposed by the Superior Court of the District of Columbia ("Superior Court") were to be served concurrently, not consecutively, such that the issuance and execution of the parole violator warrant by the United States Parole Commission ("USPC") occurred after his aggregate sentence expired.  He contends that his current custody is therefore unlawful, and demands his immediate release.

-1-

The Government's Response to the Order to Show Cause

In the Superior Court, petitioner pled guilty to robbery and assault with a dangerous weapon, and the court imposed a one-to-three-year term of imprisonment for the assault, followed by a three-year term of probation. United States' Opposition to the Petitioner's Petition for a Writ of Habeas Corpus ("Resp't Opp'n"), Ex. 3 (Amended Judgment and Commitment Order, *United States v. Bethea*, No. F-391-83 (D.C. Super. Ct. Dec. 6, 1983)). Although the Superior Court imposed a five-to-fifteen-year term of imprisonment for the robbery, it suspended the execution of this portion of the sentence. *Id.*

Less than three years later, while petitioner was serving his term of probation, he was convicted of another robbery. Resp't Opp'n, Ex. 4 (Judgment and Commitment Order, *United States v. Bethea*, No. F-3827-85 (D.C. Super. Ct. Mar. 17, 1986)). The Superior Court imposed a sentence of three-to-nine-year term of imprisonment, to be served consecutively to any other sentence petitioner then was serving. *Id.* This conviction prompted the Superior Court to revoke petitioner's probation and reinstate the five-to-fifteen-year sentence for robbery to run concurrently with the sentence imposed in No. F-3827-85. *Id.*, Ex. 5 (Judgment and Commitment Order, *United States v. Bethea*, No. F-391-83 (D.C. Super. Ct. Mar. 20, 1986)). Subsequently, the court reduced the sentence imposed in No. F-391-83 from a five-to-fifteen-years imprisonment to a four-to-twelve-years imprisonment to be served concurrently with the sentence imposed in No. F-3827-85. *Id.*, Ex. 6 (Amended Judgment and Commitment Order, *United States v. Bethea*, No. F-391-83 (D.C. Super. Ct. Sept. 25, 1986)). According to the District of Columbia Department of Corrections' sentence calculation, as of October 14, 1986, petitioner's aggregate sentence four-to-twelve-years imprisonment, and his full term date was

April 10, 1998.[1]  Pet., Ex. (Face Sheet dated October 14, 1986).

Petitioner was released on parole on March 30, 1990.  Resp't Opp'n, Ex. 1 (Sentence Monitoring Independent Sentence Computation) at 11.  As of that date, petitioner's full term date was April 10, 1998, with 2,934 days remaining on his aggregate sentence.  *Id.*  While serving this parole term, petitioner pled guilty to second degree burglary, and the Superior Court imposed a thirty-to-ninety-month term of imprisonment.  *Id.*, Ex. 8 (Judgment and Commitment Order, *United States v. Bethea*, No. F-1261-91 (D.C. Super. Ct. Apr. 15, 1991)).  Petitioner's new aggregate sentence, then, was twelve years plus ninety months imprisonment (approximately 19 ½ years).  *Id.*, Ex. 1 at 1.

Because petitioner was "entitled to good time deductions from the maximum term of sentence," Resp't Opp'n, Ex. 14 (Certificate of Mandatory Parole) at 1, he was released via mandatory parole on May 18, 2001.[2]  As of May 18, 2001, there were 1,919 days remaining on his aggregate sentence and his full term date was August 19, 2006.  *Id.*; *see id.*, Ex. 1 at 9.  Because petitioner repeatedly violated conditions of his parole release, specifically by testing positive for illegal drugs, failing to submit to drug testing, failing to participate in a drug treatment program and failing to report to his community supervision officer as directed, *see id.*, Ex. 15, 19 & 23 (Warrant Applications dated February 11, 2003, July 6, 2006, and February 28,

---

[1]  "Full term date" refers to "the date on which the maximum term for which [petitioner] was sentenced would be reached."  *Sanders v. U.S. Parole Comm'n*, No. 05-2003, 2006 WL 473786, at *2 (D.D.C. Feb. 28, 2006).

[2]  By this time, the USPC had assumed jurisdiction with respect to parole decisions for District of Columbia Code offenders pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (1997); *see* D.C. Code § 24-406(a) (authorizing the USPC to "revoke the parole or modify the terms and conditions thereof" with respect to prisoners retaken upon a violator warrant).

2008, respectively), the USPC revoked parole on three occasions, *see id.*, Ex. 17, 21 & 25 (Notices of Action dated May 10, 2003, September 20, 2006, and April 10, 2008, respectively).[3] Petitioner last was released on parole on May 4, 2009, and he was to remain under parole supervision through June 16, 2018. *Id.*, Ex. 26 (Certificate of Parole) at 1.

Petitioner again failed to submit to drug testing, and when he did submit, he tested positive for cocaine. Resp't Opp'n, Ex. 27 (Warrant Application dated November 9, 2009) at 1-2. In addition, petitioner was arrested on November 18, 2009 and charged with possession and distribution of crack cocaine. *Id.*, Ex. 28 (Supplement to Warrant Application dated December 2, 2009). Petitioner pled guilty to attempted distribution of a controlled substance, and the Superior Court imposed an eight-month term of imprisonment with credit for time served.[4] *Id.*, Ex. 29 (Judgment in a Criminal Case, *United States v. Bethea*, No. 2009 CF2 024591 (D.C.

---

[3] "If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody." D.C. Code § 24-406(a). In other words, petitioner forfeited "street time" upon each parole revocation, and none of the time spent on parole is credited toward service of the underlying sentence. *See, e.g., Jones v. Wainwright*, No. 10-1186, 2010 WL 4116723, at *3 (D.D.C. Oct. 19, 2010); *McFadden v. U.S. Parole Comm'n*, No. 10-0597, 2010 WL 3786586, at *2 (D.D.C. Sept. 27, 2010); *Bethea v. Fed. Bureau of Prisons*, No. 10-0188, 2010 WL 538196, at *1 (D.D.C. Feb. 3, 2010). Petitioner does not benefit from an amendment to this statutory provision, *see* D.C. Code § 24-406(c), which permits credit for "street time" under certain circumstances, because the amendment "shall not apply to any period of parole that was revoked prior to May [20], 2009," D.C. Code § 24-406(d); *see McFadden*, 2010 WL 3786586, at *2.

[4] None of this eight-month term of imprisonment could be credited towards service of any other sentence. *See, e.g., Watts v. U.S. Parole Comm'n*, 657 F. Supp. 2d 83, 85 (D.D.C. 2009) (rejecting prisoner's argument that he should receive credit towards service of one sentence for the extra days he was deemed in custody on another sentence); *Ali v. District of Columbia*, 612 A.2d 228, 230 (D.C. 1992) ("[I]f the parole violation warrant was validly executed while appellant was being held for the new offense, he would not be entitled to receive credit in the new case for time spent after the warrant was executed.").

Super. Ct. June 25, 2010)).  In response to these alleged violations, the USPC issued a parole violator warrant on November 9, 2009, and it was executed on July 22, 2010.  *Id.*, Ex. 30 (Warrant and Warrant for Return of Prisoner Released to Supervision).  The USPC conducted a probable cause hearing on July 24, 2010, Pet.'s Letter [Dkt. #13] at 1, and it appears that a revocation hearing has not yet taken place.[5]

## II.  DISCUSSION

### A.  *The BOP Corrected Its Sentence Calculation*

Petitioner contends that the BOP calculated his sentence in error, such that the sentences imposed in Nos. F-391-83 and F-3827-85 ran consecutively, for an aggregate term of twenty-one years instead of twelve years.  Pet. at 2.  With the sentence imposed in No. F-1261-91, he claims that his aggregate sentence was nineteen and one-half years, not twenty-one years plus ninety months.  *Id.*

The BOP's error appeared when petitioner's sentence was calculated upon his parole release on May 4, 2009.  Resp't Opp'n, Ex. 2 (Sentencing Monitoring Computation Data as of 05-04-2009) at 3 ("Sentence Imposed/Time to Serve . . . 21 years 90 months").  It was presumed that petitioner's sentences ran consecutively, such that he would serve the four-to-twelve-year term (Nos. F-391-83 and F-3827-85) before he began to serve the thirty-to-ninety-month term (No. F-1261-91).  In these circumstances, June 16, 2018 would have been his full term date.  *Id.* at 5 ("Expiration Full Term Date . . . 06-16-2018"); *see id.*, Ex. 26 (Certificate of Parole) at 1.

---

[5] To the extent that petitioner asserts a due process claim arising from the USPC's failure to conduct a revocation hearing promptly, the appropriate remedy for such a delay would have been through a writ of mandamus to compel the USPC's compliance with the timelines set forth in its regulations.  *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983).

Respondent demonstrates that the BOP has corrected the error, and its records now reflect that petitioner's aggregate sentence is twelve years plus ninety months, *id.*, Ex. 1 at 1, to end on May 4, 2010, *id.* at 2.[6]

### B. The USPC Retained Jurisdiction by Executing a Parole Violator Warrant Prior to the Expiration of Petitioner's Aggregate Sentence

The USPC's parole violator warrant was issued on November 9, 2009, prior to the expiration of petitioner's aggregate sentence. "The issuance of a warrant . . . operate[d] to bar the expiration of [petitioner's] sentence [and] maintains the [USPC's] jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to the revocation of parole and the forfeiture of time pursuant to D.C. Code [§] 24–406(c)." 28 C.F.R. § 2.98(e). In effect, issuance of the warrant tolls the running of the sentence, *see Brown v. U.S. Parole Comm'n*, 713 F. Supp. 2d 11, 13-14 (D.D.C. 2010) (noting that issuance of a violator warrant bars the expiration of the parolee's sentence); *see also Owens v. Gaines*, 219 F. Supp. 2d 94, 101 (D.D.C. 2002) (acknowledging the USPC's "authority to toll the expiration of a sentence for the purpose of conducting revocation hearings on a valid warrant issued prior to the expiration of a sentence"), and the USPC indeed had jurisdiction to order petitioner's continued custody pending its decision to revoke or not revoke parole.

### III.  CONCLUSION

A District of Columbia prisoner is entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if he establishes that his "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c)(3). Petitioner does not establish that his current

---

[6] Petitioner's sentence will be recalculated after the USPC notifies the BOP of its decision in the pending revocation proceeding.

custody is unlawful, and the habeas petition will therefore be denied. An Order accompanies this Memorandum Opinion.

                                                JOHN D. BATES
                                                United States District Judge

DATE: November 5, 2010